UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES GREGORY CASTILLO,                )
                                        )
            Plaintiff,                  )   No. CV-12-3062-LRS
                                        )
      vs.                               )   **ORDER GRANTING**
                                        )   **MOTION TO DISMISS,**
COUNTY OF YAKIMA, et al.,               )   *INTER ALIA*
                                        )
            Defendants.                 )
_____ )

**BEFORE THE COURT** is the Defendants' Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6) (ECF No. 9); two motions by the Plaintiff requesting discovery (ECF Nos. 16 and 19); Plaintiff's Motion For Appointment Of Counsel (ECF No. 21); and Plaintiff's Motion For Extension Of Time (ECF No. 23). These motions are heard without oral argument.

Plaintiff's 42 U.S.C. Section 1983 Complaint alleges he has been deprived of his federal constitutional rights in connection with certain criminal proceedings against him in the Spokane County Superior Court. Specifically, Plaintiff alleges his Sixth Amendment right to a speedy trial has been infringed upon. Plaintiff also asserts pendent state law claims.

**JUDICIAL IMMUNITY**

"Judges are absolutely immune from damage actions for judicial acts

**ORDER GRANTING MOTION TO DISMISS,** *INTER ALIA*-        1

1  taken within the jurisdiction of their courts. . . . A judge loses absolute
2  immunity only when he acts in clear absence of all jurisdiction or performs an
3  act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204
4  (9th Cir. 1988) (per curiam). Defendants Michael Schwab, Frank J. Gavin,
5  Michael McCarthy, Ruth E. Reukauf, and Blaine Gibson, all of whom are
6  current or former Yakima County Superior Court judges, are immune from suit
7  for damages under federal law and state law. See *Adkins v. Clark County*, 105
8  Wn.2d 675, 677-78, 717 P.2d 275 (1986). As is apparent from Plaintiffs'
9  Complaint, the judicial acts of which he complains were clearly taken with the
10 jurisdiction of the Yakima County Superior Court, be they legally correct or not.
11 Insofar as monetary relief is sought, all federal and state law claims against
12 judicial defendants must be dismissed with prejudice.

14 **PROSECUTORIAL IMMUNITY**
15    "[A] state prosecuting attorney who act[s] within the scope of his duties
16 in initiating and pursuing a criminal prosecution" is not amenable to suit under
17 Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984 (1976).
18 "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial
19 proceedings or for trial which occur in the court of his role as an advocate for
20 the State, are entitled to the protections of absolute immunity." *Buckley v.
21 Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993).
22    Defendants, Yakima County Prosecuting Attorney James P. Hagarty, and
23 Deputy Prosecuting Attorneys Kevin Eilmes, Therese Murphy, and Jared
24 Boswell, are immune from suit for damages under federal and state law. See
25 *Collins v. King County*, 49 Wn.App. 264, 267-70, 742 P.2d 185 (1987). As is
26 apparent from Plaintiff's Complaint, the prosecutorial acts of which he
27 complains are all within the scope of Defendants' duties in initiating and
28

**ORDER GRANTING MOTION
TO DISMISS,** *INTER ALIA***-         2**

pursuing the Yakima County criminal prosecution against Plaintiff.  Insofar as monetary relief is sought, all federal and state law claims against prosecuting attorney defendants must be dismissed with prejudice.

**PUBLIC DEFENDERS**

Defendants Lawrence Daniel Fessler, Paul Kelley, Kenneth Raber, and Jack Fiander are not subject to liability under Section 1983 because they are not state actors.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law).  A public defender "works under canons of professional responsibility that mandate his [or her] exercise of independent judgment on behalf of the client" and the Constitution requires that the state "respect the professional independence of the public defenders whom it engages." *Id*. at 321-22.  Thus, although a public defender may be paid by the state, when advocating on behalf of his or her client, a public defender's responsibilities entail "functions and obligations in no way dependent on state authority." *Id*. at 318.  Section 1983 claims against the public defenders must be dismissed with prejudice.

**ABSTENTION**

Absent extraordinary circumstances, federal courts may not enjoin or otherwise interfere with pending state criminal prosecutions on constitutional grounds.  The federal court must abstain and allow the state court to adjudicate all claims, both state and federal.  *Younger v. Harris*, 401 U.S. 37, 49-53, 91

**ORDER GRANTING MOTION
TO DISMISS,** *INTER ALIA*-         **3**

1  S.Ct. 746, 753-54 (1971). Plaintiff has an adequate opportunity to raise his
2  claims, including his federal constitutional claims, in the state court system.
3  Dismissal is appropriate because Plaintiff's federal claims are cognizable in the
4  parallel state criminal proceedings. *Deakins v. Monaghan*, 484 U.S. 193, 202-
5  03, 108 S.Ct. 523 (1988); *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689
6  (1973). The court will abstain from entertaining Plaintiff's Section 1983 and
7  pendent state law claims against the judicial and prosecuting attorney
8  Defendants to the extent those claims seek non-monetary relief. Those claims
9  will be dismissed.
10       Similar considerations warrant dismissal of Plaintiff's state law claims
11 against the public defender defendants. Post-conviction relief is a prerequisite
12 to maintaining a criminal malpractice suit. *Falkner v. Foshaug*, 108 Wn.App.
13 113, 124, 29 P.3d 771 (2001). Plaintiff has yet to obtain such relief because he
14 is the subject of ongoing criminal proceedings in Yakima County Superior
15 Court which have yet to result in his conviction.
16
17 **CONCLUSION**
18       For the reasons set forth above, Defendants' Motion To Dismiss Under
19 Fed. R. Civ. P. 12(b)(6) (ECF No. 9) is **GRANTED**.
20       Section 1983 claims against the judicial and prosecuting attorney
21 Defendants are **DISMISSED with prejudice** insofar as those claims seek
22 monetary relief as to which those Defendants are immune. To the extent
23 Section 1983 claims against these Defendants seek non-monetary relief, the
24 claims are **DISMISSED** on abstention grounds. All Section 1983 claims
25 against public defender Defendants are **DISMISSED with prejudice** because
26 those Defendants did not act under color of state law.
27       State law claims against the judicial and prosecuting attorney Defendants
28

**ORDER GRANTING MOTION
TO DISMISS,** *INTER ALIA***-            4**

1  are **DISMISSED with prejudice** insofar as those claims seek monetary relief as
2  to which those Defendants are immune.  State law claims against them seeking
3  monetary relief are **DISMISSED** on abstention grounds.  State law claims
4  against the public defender Defendants are **DISMISSED without prejudice** for
5  lack of ripeness.

6  The claims against Defendant Yakima County are **DISMISSED** to the
7  same extent the claims against the individual Defendants are dismissed.

8  The captioned action is **DISMISSED** because of Plaintiff's failure to
9  present any claim upon which this court can grant relief.  Amendment of the
10 complaint is futile because it would not alter the undisputed relevant facts and
11 the applicable law which warrant dismissal.

12 Plaintiff's Motion For Extension Of Time (ECF No. 23) is **DENIED**
13 because extending the time for Plaintiff to respond to the Motion To Dismiss
14 would not be of any assistance to him in light of the undisputed relevant facts
15 and applicable law.   For the same reason, Plaintiff's Motion Requesting
16 Discovery (ECF No. 19) and Motion For Appointment Of Counsel (ECF No.
17 21) are **DENIED**.  Plaintiff's other discovery motion (ECF No. 16), related to
18 obtaining information to effectuate service of his Complaint on Defendant
19 Schwab, is **DISMISSED** as moot.

20 **IT IS SO ORDERED**.  The District Executive shall enter judgment
21 accordingly and forward copies of the judgment and this order to Plaintiff and to
22 counsel for Defendants.  The file shall be closed.

23 **DATED** this    18th    of June, 2012.

24
25              *s/Lonny R. Suko*
26              LONNY R. SUKO
               United States District Judge
27
28
**ORDER GRANTING MOTION
TO DISMISS,** *INTER ALIA***-            5**